## POWELL v. STATE.   (No. 6843.)

(Court of Criminal Appeals of Texas.   March 22, 1922.)

1. Larceny ⟁64(6)—Evidence held to support finding that person from whom defendant claimed to have purchased property stolen was fictitious.

In a prosecution for theft of a cow found in defendant's possession, evidence *held* sufficient to support the jury's finding that a person from whom defendant claimed to have purchased the animal was fictitious.

2. Larceny ⟁64(1)—Evidence held insufficient to show defendant's possession of stolen property not fraudulent.

In a prosecution for theft of a cow, that defendant disclosed to the owner the fact of his possession thereof was insufficient to show that possession was not fraudulent, where there was evidence that he sought the owner only after knowing that the theft was discovered and that he was suspected.

3. Larceny ⟁55—Evidence held sufficient to show that defendant took cow from owner's possession.

In a prosecution for larceny of a cow, evidence *held* to sustain conviction.

Appeal from District Court, Ft. Bend County; M. S. Munson, Judge.

Patrick Powell was convicted of theft, and he appeals. Affirmed.

Edward Risinger, of Rosenberg, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.   The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The jury concluded that the appellant stole a cow from the possession of the witness Mays. Mays was the owner of a number of cattle which he kept in his pasture,

---

⟁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and which were branded in his registered brand. The cow in question was identified by Mays, both by the brand and flesh marks.

There were no eyewitnesses to the taking of the animal, and circumstances were relied upon by the state to establish the guilt of the appellant. The testimony was affirmative that the animal had not, with the consent of Mays, come into the possession of any one. On his cross-examination, there were admissions that it was possible that the animal might have escaped from his pasture.

[1] The appellant had lived on the premises of Mays, was acquainted with his brand, and was found in possession of the animal, but accounted therefor by the statement of her purchase from a man by the name of Raymond, and that two persons, whom he named, were present. Both of these, however, disclaimed any knowledge of the transaction, and an extended inquiry and search failed to reveal the entity of Raymond. The evidence is quite sufficient to support a finding by the jury that he was a fictitious person. See Fry v. State, 86 Tex. Cr. R. 79, 215 S. W. 560; Cyc. of Law & Proc. vol. 19, p. 1421; Greenleaf on Evidence, § 109.

[2] Appellant caused his brand to be put on the animal, and exercised acts of ownership while he was in possession under circumstances sufficient to show that he knew that the animal belonged to Mays. He disclosed to Mays his possession of the cow, and this is relied upon by the appellant as evidence that his possession of the cow is not fraudulent. The evidence justifies the conclusion that he sought Mays only after he became conscious that the theft was discovered and he was under suspicion. These facts were considered by the jury under a charge of which there is no complaint, and, in our judgment, the finding of the jury that his possession was fraudulent and his defenses untrue are well supported by the evidence.

[3] Whether the evidence is sufficient to show that the appellant took the animal from the possession of Mays is the only question upon which there could arise from the record a serious legal controversy. That the animal belonged to Mays, bore his brand, was not lawfully acquired by the appellant, went out of the possession of Mays without his consent, are all facts that are clearly shown. Whether the animal, when taken, was in the road or in the pasture of Mays is not material, as she would have still been in his possession, and we think the evidence is sufficient to negative any theory or hypothesis that the animal was stolen or taken from the possession of Mays by some one other than the appellant, and afterwards acquired by him.

Regarding the evidence as sufficient, we order the affirmance of the judgment.